E. J. Matheson et al. v. Wm. Rolan, for use of H. A. Royse.

1. VERDICT—*Warranted by the Facts and Circumstances.*—Where the facts and circumstances developed by the evidence are sufficient to warrant the jury in finding that the makers of a promissory note understood the purpose to be effected by its execution, and that the use made of it has been entirely consistent with such understanding, the judgment based upon the verdict will be sustained.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

W. G. COCHRAN, attorney for appellants.

HARBAUGH & WHITAKER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The judgment appealed from was entered upon a note executed by the appellants payable to Wm. Rolan.

The principal, indeed, the only ground upon which reversal is seriously urged is, that the note was never delivered to Rolan or used for the purpose for which it was executed.

R. R. Matheson, one of the appellants, was indebted to Rolan, and also to one McDonald, and appellee Royse was his surety to each of said creditors.

Appellant E. J. Matheson was indebted to R. R. Matheson, and the latter desired to apply the demands against E. J., upon the indebtedness for which appellee Royse stood as surety.

To accomplish this it was arranged E. J., instead of executing a note direct to his creditor R. R., should make a note for the amount due said R. R. payable to Wm. Rolan, one of the creditors of R. R., and that the other appellants (including R. R.) would sign the note.

This was done, and the note was delivered to R. R., who

delivered it to Royse, and authorized him to use it in payment of or upon the claims of Rolan and McDonald.

But neither of them would accept the note, and by agreement between R. R. and appellee Royse, the latter discharged such claims, and was authorized by the former to hold and collect the note, to reimburse himself in. part therefor.

The question presented to the jury was as to the power of R. R. Matheson to clothe appellee with the right to collect the note.

The court instructed the jury in effect he had such power, if it appeared from the evidence, at the time the note was executed it was fairly in the contemplation of the makers of the note, the instrument should be so used by said R. R. Matheson.

No objection was made nor exception taken to such instructions, and no complaint is urged in this court against the correctness of the legal propositions laid down by the court.

We may therefore pass upon the case as involving only a question of fact.

The testimony is not properly abstracted, but we have read it from the record, and think the facts and circumstances developed were sufficient to warrant the jury in finding that the makers of the note understood the purpose to be effected by its execution, and that.the use made of it by R. R. was entirely consistent with this understanding of the parties.

The judgment accomplishes justice, and no error demanding its reversal being pointed out it is affirmed.